UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | CRIMINAL NO. 17-20183 |
| Plaintiff, | HON. MARK A. GOLDSMITH |
| v. | |

D-2   JANETTE GAGGO TAWFIK,
D-3   SHELVIE LEWIS AVERY,
         A/K/A "Q,"
D-4   TERRY PRUITT,
         a/k/a "T,"
D-5   HAROLD LASHAWN NERO,
         a/k/a "NEPHEW,"
D-6   MICHAEL ANTHONY RANDOL,
         a/k/a "MAN,"
D-7   CHARLES THOMAS FORD JR.,
         A/K/A "CHUCK D,"
D-8   JACK HANA YAKO,
D-9   KEMAL GABRAIL,

                    Defendants.
_____/

## MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY

The government moves this Court for a finding under 18 U.S.C. § 3161(h)(7) of excludable delay, from the most recent status conference (May 23, 2018) to the last anticipated date for the government to provide Defendants with their requested discovery review list (November 14, 2018). There is no pending trial date.

1

## BRIEF IN SUPPORT OF MOTION

Defendants' activities at the Victory Inn created a large volume of surveillance video (the "Victory Inn Video"). Defendants—to ease their review of this discovery—requested that the government provide them with rolling lists of potentially inculpatory video segments (the "Review Lists"). Defendants' requested lists have created delay in the proceedings, and so all Defendants asked for a trial date in the fall of 2019. Despite this, at least two defendants have refused to waive their Speedy Trial Act rights even to November 14, 2018—which is an agreed upon and subsequent production date for the Review Lists.

**I.   FACTS**

Defendants appeared and were arraigned at different times on the pending superseding indictment: (1) Kemal Gabrail on August 25, 2017; (2) Jack Hana Yako on August 28, 2017; (3) Charles Thomas Ford, Jr. on September 5, 2017; (4) Harold Lashawn Nero on September 28, 2017; (5) Janette Gaggo Tawfik on October 4, 2017; (6) Terry Pruitt on October 5, 2017; (7) Michael Anthony Randol on October 6, 2017; and (8) Shelvie Lewis Avery on October 10, 2017. One Defendant (Darrick Bell) has avoided arrest. Ford was the latest defendant to make his initial appearance on an indictment.

As a result of the complex discovery, the parties stipulated and agreed to waive the period from May 23, 2017 to November 14, 2017.

On November 14, 2017, the court held a status conference with Defendants and the government to address the rate of video review and speedy trial issues. The parties agreed that the government would provide defense counsel with Review Lists beginning on February 14, 2018, and then on May 14, 2018, continuing every 90 days as needed to complete the review. (R. 171: Stipulation and Order for Discovery Procedures and Excludable Delay, Pg ID 482-83). The parties agreed to exclude the time from November 14, 2017 to the May 23, 2018 status conference. (*Id*. at Pg ID 483). The government timely provided the first Review List with 567 events.

On April 24, 2018 the parties filed a joint statement on the status of discovery, and all Defendants estimated that they would not be prepared for trial until "the fall of 2019." (R. 184: Joint Statement Regarding Discovery, Pg ID 582). The government provided the second Review List with 1,144 events on May 14, 2018.

The Court held a second status conference on May 23, 2018. At the hearing, Tawfik, Pruitt, Yako, and Gabrail agreed to waive their speedy trial rights and to excludable delay through November 14, 2018. Nero and Randol refused to waive their speedy trial rights. And Avery and Ford did not have attorneys physically present and could not take a position on the record.

II.   **ARGUMENT**

Defendants requested that the government provide them with the Review Lists, creating delay to no less than November 14, 2018, and then asked for a trial

date in the fall of 2019. Some of those defendants (Nero and Randol, at least) then refused to waive their requested delay. With the case's complexity and the Defendants roles in the delay, the Court should exclude the time from the status conference (May 23, 2018) to the last anticipated list (November 14, 2018). Given their requested trial date of late 2019, a subsequent exclusion may be necessary.

The Speedy Trial Act requires commencement of trial within 70 non-excludable days from the later of the defendant's first appearance or arraignment on indictment. *See* 18 U.S.C. § 3161(c)(1). In cases involving multiple defendants charged together, where "no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). And "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id*. at 776-77; *see also United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007) ("A defendant's excludable time also includes co-defendants' excludable time."). Another aspect of the speedy trial clock is that the clock re-starts upon the issuance of a superseding indictment. *United States v. Smith*, 510 F. App'x 390, 393-94 (6th Cir. 2013). The date from which to begin the calculation becomes the later of the new indictment or appearance of a defendant. *Id*.

On September 5, 2017, the Court arraigned Ford on the superseding indictment—he was the latest defendant to appear. And Shelvie Lewis Avery was arraigned on the superseding indictment on October 10, 2017. The speedy trial clock

4

would have begun to run on September 5, 2017, or October 10, 2017. But all Defendants have stipulated to waivers covering May 23, 2017 to November 14, 2017, and then to May 23, 2018. So May 23, 2018, is the operative date.

The Speedy Trial Act provides that a court may set a trial date outside of the Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). And Section 3161(h)(7)(A) does not require a defendant's consent to the continuance. *See United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010).

"To conduct a proper ends-of-justice analysis when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Richardson*, 681 F.3d 736, 739 (6th Cir. 2012). When granting an "ends of justice" continuance, a court may consider a number of factors, including complexity from the number of defendants or the nature of the prosecution, that it would make it unreasonable to expect adequate preparation for trial. *See* 18 U.S.C. § 3161(h)(7)(B); *see also Richardson*, 681 F.3d at 740 ("Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance.").

5

The ends of justice continuance fits. The Court—with the parties' stipulation—and based on the volume of discovery, the number of defendants, and the expected length of the trial, found this case to be a "mega case" pursuant to the provisions of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. The discovery includes approximately 15,000 hours of video surveillance, telephone records, and anticipated *Jencks* material. At Defendants' request, the government began reviewing the 15,000 hours of video it had provided to Defendants, and has so far provided lists with 1,711 potentially inculpatory events marked to aid Defendants in their video review. Delays in the proceedings stem from this process.

Tawfik, Pruitt, Yako, and Gabrail agreed to waive their speedy trial right through November 14, 2018. These Defendants recognize that the failure to grant a continuance would deny them the reasonable time necessary for effective preparation, and would be to their disadvantage. Only Nero and Randol—despite requesting the Review Lists and a trial date in the fall of 2019—have refused on the record to waive their speedy trial rights and agree to excludable delay. Ford and Avery have not made their position on the record.

## III. CONCLUSION

The Court should enter an order overruling Nero's and Randol's objections, and find that: (1) this is a complex case under Section 3161(h)(7)(B)(ii); (2) it is unreasonable with this complexity to expect adequate preparation prior to at least November 14, 2018; (3) four Defendants have agreed to exclude the time between May 23, 2018 and November 14, 2018; (4) that period is excludable under the Speedy Trial Act; and (5) the ends of justice served by taking such action outweigh the best interest of the public and the objecting Defendants in a speedy trial.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    /s/ *Jerome Gorgon*
    JEROME GORGON
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-9676
    Jerome.gorgon@usdoj.gov

Date: May 30, 2018

## CERTIFICATION OF SERVICE

I hereby certify that on May 30, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

>/s/ *Jerome Gorgon*
>JEROME GORGON
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, Michigan 48226
>(313) 226-9676
>Jerome.gorgon@usdoj.gov